# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | | |
|---|---|---|
| **LOCAL 429 MONROE FIREFIGHTERS ASSOCIATION** | * | **CIVIL ACTION NO. 08-0882** |
| **VERSUS** | * | **JUDGE JAMES** |
| **CITY OF MONROE** | * | **MAGISTRATE JUDGE HAYES** |

## MEMORANDUM RULING

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to remand [doc. # 8] filed by plaintiff Monroe Firefighters Association Local 429.[1] For the reasons stated below, the motion is **GRANTED**.

## BACKGROUND

On June 3, 2008, the Monroe Firefighters Local 429 ("Local 429")[2] filed the above-captioned suit against the City of Monroe ("the City") in the 4th Judicial District Court for the Parish of Ouachita, State of Louisiana. The petition alleges that in 2007, Local 429 and the City negotiated a new collective bargaining agreement ("CBA"). (Petition, ¶ 5).[3] However, since October 2007, the City has taken the position that it rescinded the CBA; thus, it has refused to comply with its provisions. *Id*. at ¶¶ 6-8. Local 429 contends that the City's purported rescission

---

[1] As this is not a motion excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

[2] Sometimes referred to in the petition as "Local 629."

[3] The mayor executed the CBA on May 14, 2007. *Id*.

violates the Louisiana Constitution, and that the City's failure to comply with various provisions of the CBA constitutes breach of contract. *Id*. at ¶¶ 10-11. Local 429 seeks a judgment declaring the attempted rescission of the CBA void, and a mandatory injunction compelling the City to comply with the terms of the CBA. *Id*. at ¶ 12.

On June 23, 2008, the City removed the case to federal court on the basis of federal question jurisdiction, 28 U.S.C. § 1331. (Notice of Removal, ¶ 4). On July 7, 2008, plaintiff filed the instant motion to remand due to lack of subject matter jurisdiction. Briefing is complete; the matter is now before the court.

## LAW AND ANALYSIS

"The presence or absence of federal- question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 118 S.Ct. 921 (1998). An "independent corollary" to the well-pleaded complaint rule is the "artful pleading" doctrine. *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002)(*citing Rivet, supra*). This principle provides that a " plaintiff may not defeat removal by omitting to plead necessary federal questions." *Rivet, supra* (citation omitted). The artful pleading doctrine permits removal in cases where federal law completely preempts the plaintiff's state law claim. *Id*. Here, however, there are no allegations that plaintiff's claim is completely preempted by federal law.

Nevertheless, a cause of action that is created by state law may still "arise under" the laws of the United States if the well-pleaded complaint establishes that plaintiff's right to relief under state law requires resolution of a substantial, disputed question of federal law. *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal*., 463 U.S. 1, 13, 103 S.Ct.

2841, 2848 (1983). The Fifth Circuit, formulated the following criteria for determining when a state law cause of action creates federal question jurisdiction: 1) the federal right must be an essential element of the state claim; 2) interpretation of the federal right must be necessary to resolve the case; and 3) the question of federal law must be substantial. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 917 (5th Cir. 2001)(citations omitted). In 2005, the Supreme Court restated the question as follows: "does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Products v. Darue Engineering*, 545 U.S. 308, 125 S.Ct. 2363, 2368 (2005).

The City concedes that plaintiff's petition does not expressly reference a federal statute. (Opp. Memo., pg. 2). Instead, the City emphasizes that several provisions of the CBA require application and interpretation of the Fair Labor Standards Act ("FLSA"). For instance, the City observes that the CBA contains terms like "Callback Pay" that are defined or discussed in the FLSA. (CBA, ¶ XVIII; Def. Exh. A-1; 29 C.F.R. § 77.221). The City emphasizes, without further explication, that the FLSA plays a substantial and essential role in determining portions of the CBA regarding Shifts and Overtime Pay, Showup Pay, No-Show Penalty, and Regular Rate of Pay. (*See*, CBA, ¶¶ XVI-XVIII; Def. Exh. A-1). Finally, the City argues that Louisiana law supports removal because it applies provisions of the FLSA to overtime provisions involved in the CBA.[4]

---

[4] The referenced Louisiana statute provides that
[o]vertime compensation for firefighters covered by this Subpart in cities having a population of thirteen thousand or more and that of all parish and fire protection district paid firefighters shall be governed by the provisions of the federal Fair Labor Standards Act, as implemented in 29 CFR Part 553.
La. R.S. 33:1994.
The difficulty of course, is that the instant petition does not seek relief for any failure by

The court remains unmoved by defendant's conclusory and self-serving characterization of the CBA. The CBA acknowledges that the parties are to comply with state and federal law except to the extent that the law is specifically modified by the CBA. (CBA, ¶ III, Def. Exh. A-1). Nonetheless, defendant does not identify any portion of the CBA that purports to incorporate or rely upon the FLSA. In fact, the petition does not allege a dispute regarding the *interpretation* of any terms and provisions of the CBA. Instead, plaintiff seeks a declaratory judgment voiding the City's attempted rescission of the CBA and an injunction compelling the City to comply with its contractual obligations thereunder. (Petition, ¶ 12).[5] Plaintiff elected to pursue these remedies under state contracts law and the Louisiana Constitution. La. Civ. Code Art. 1986; La. Const., Art. I, § 23. Defendant does not explain how the FLSA is a mandatory component of the foregoing claim(s). In fact, the FLSA does not prohibit employers from contractually providing more generous overtime provisions than those set forth in the Act. *Freeman v. City of Mobile, Ala.*, 146 F.3d 1292, 1298 (11th Cir. 1998). The FLSA also does not preempt state law contractual claims that seek to recover wages for time that is compensable under an employment contract, but not under the FLSA. *Avery v. City of Talladega, Ala.*,

---

defendant to comply with state law regulations governing overtime.

Defendant also finds it significant that related plaintiffs are pursuing remedies under the FLSA in a separate suit before this court. *See*, Civil Action No. 06-1092 (W.D. La.). Unlike the instant plaintiff, however, the plaintiffs in Civil Action No. 06-1092 filed suit in federal court and specifically asserted claims under the FLSA. *Id*. It goes without saying that the FLSA plays a "substantial and essential" role in that suit.

[5] The petition alleges that the City breached the CBA by refusing to comply with its provisions, "including, *but not limited to*, its refusal to pay time and a half for extra shifts and its unilateral change in the working hours of communications officers." (Petition, ¶ 11) (emphasis added). In other words, due to the City's attempted rescission, it has not complied with various non-exclusive provisions of the CBA.

24 F.3d 1337, 1348 (11th Cir. 1994).[6]

Although the City contends that the instant suit raises a "significant federal issue" as specified in *Grable, supra*, the Supreme Court has since remarked that *Grable* exemplified a "special and small category" of cases. *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 126 S.Ct. 2121 (2006). Further, "*Grable* emphasized that it takes more than a federal element to open the 'arising under' door." *Id*. (citing Grable, 545 U.S. at 313, 125 S.Ct. 2363) (internal quotation marks omitted). Consistent with the restricted nature of this basis for federal question jurisdiction, courts have declined to exercise subject matter jurisdiction under similar circumstances. *Kostmayer Const., L.L.C. v. M.R. Pittman Group, L.L.C.*, 2007 WL 4553991 (E.D. La. Dec. 19, 2007) (despite possibility that dispute would require reference to federal regulations, plaintiff's suit sought recovery under contracts law which did not confer federal question jurisdiction); *Corre v. Steltenkamp*, 2006 WL 2385352 (E.D. Ky. Aug. 16, 2006) (plaintiff's state law breach of contract claim for minimum wage and overtime pursuant to an employment contract did not implicate a significant federal issue via the FLSA).[7]

In its summation, the City argues that only if the court were to don "judicial blinders" could it overlook the "essential and substantial" role that the FLSA plays in determining whether the City breached the CBA. (*See*, Def. Opp. Memo., pg. 7). Yet, despite defendant's

---

[6] Of course, "[t]he fact that a federal defense may be raised to the plaintiff's action-even if both sides concede that the only real question at issue is created by a federal defense-will not suffice to create federal question jurisdiction." *Aaron v. National Union Fire Ins. Co. of Pittsburg, Pa.*, 876 F.2d 1157, 1161 (5th Cir. 1989) (citations omitted).

[7] The City attempts to distinguish *Corre* on the grounds that the plaintiff therein stipulated that she was not presenting a claim for relief under the FLSA. Yet, in the case *sub judice*, there is no indication that plaintiff seeks relief under the FLSA. Furthermore, the *Corre* court stated that plaintiff's stipulation did not short circuit its "arising under" analysis. *See, Corre, supra*.

participation in the CBA negotiations and its course of dealing with plaintiff, which presumably enables defendant to read plaintiff's petition with the litigious equivalent of x-ray glasses, defendant has not demonstrated that a federal right is an essential, disputed, and substantial element of plaintiff's claim that must be interpreted to resolve this case. *See*, *Howery, supra*; *New Orleans & Gulf Coast Ry. Co. v. Barrois*, ___ F.3d ___, 2008 WL 2514645 (5th Cir. June 25, 2008).[8]

It is axiomatic that federal courts exercise limited jurisdiction. *Howery, supra* (citations omitted). A suit is presumed to lie outside a federal court's jurisdiction until the party invoking federal jurisdiction establishes otherwise. *Id*. Here, removing defendant has not met its burden. Accordingly, subject matter jurisdiction is lacking, and remand is required. 28 U.S.C. § 1447(c).

For the foregoing reasons,

The motion to remand [doc. # 8] filed by plaintiff Monroe Firefighters Local 429 is hereby **GRANTED**; the case shall be **REMANDED** to the Fourth Judicial District Court for the Parish of Ouachita, State of Louisiana.

THUS DONE AND SIGNED this 30th day of July, 2008, in Monroe, Louisiana.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

[8] Defendant purports to offer its hand to guide the court across the intersection of state and federal jurisdiction. But, in the end, it simply urges the court to make the open and obvious jurisdictional crossing on its own. While defendant may enjoy a panoramic view of federal subject matter jurisdiction, this court's jurisdictional field of vision is constitutionally and congressionally circumscribed.